110 F.3d 68
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reina Isabel FABIAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70583.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Ans-rqu-soh.
 B.I.A.
 REVIEW DENIED.
 Before: SNEED, FARRIS and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reina Isabel Fabian, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board of Immigration Appeals ("Board") dismissing her appeal from an immigration judge's decision denying her applications for asylum and withholding of deportation based on an adverse credibility finding. We deny the petition for review.
 
 
 3
 Fabian contends the Board erred by failing to follow the asylum standard of INS v. Cardoza-Fonseca, 480 U.S. 421 (1987), and that she established eligibility for asylum and withholding of deportation because she established a well-founded fear of persecution. Her brief does not challenge the Board's conclusion that her testimony lacks credibility, but instead asserts the Board followed the wrong standard in weighing the evidence.
 
 
 4
 This court's review is limited to the Board's decision. Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). We reverse the Board's findings concerning claims of persecution only if "the evidence ... compels" reversal. Elias-Zacarias v. INS, 502 U.S. 478, 481 n. 1 (1992).
 
 
 5
 Here, Fabian waived her challenge to the Board's conclusion that her asylum claim lacked credibility by failing to raise it as an issue on appeal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir.1996). Moreover, her contention that the Board failed to properly apply the Cardoza-Fonseca standard for weighing the evidence of persecution is misplaced because the Board did not weigh the evidence, concluding that Fabian failed to present any credible evidence of persecution. Accordingly, the petition for review is
 
 
 6
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3